1  Kathryn J. Halford (CA Bar No. 068141)
   Email: khalford@wkclegal.com
2  Harrison Levy (CA Bar No. 334121)
   Email: hlevy@wkclegal.com
3  **WOHLNER KAPLON CUTLER**
   **HALFORD ROSENFELD & LEVY**
4  16501 Ventura Boulevard, Suite 304
   Encino, CA  91436
5  Telephone: (818) 501-8030 ext. 331
   Facsimile: (818) 501-5306
6
7  Attorneys for Plaintiffs, Board of Directors
   of the Motion Picture Industry Pension Plan, et al.
8
                **UNITED STATES DISTRICT COURT**
9
                **CENTRAL DISTRICT OF CALIFORNIA**
10
                        **Western Division**
11

| | |
|---|---|
| BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>                Plaintiffs,<br><br>vs.<br><br>SPEED KILLS PRODUCTIONS, INC., a Wyoming corporation, PIMIENTA CORP., a Puerto Rico corporation.<br><br>                Defendants. | CASE NO.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATON OF ERISA**<br><br>[29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185] |

Plaintiffs allege as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this court by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and by Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a).

## VENUE

2. In accordance with ERISA Section 502(e), 29 U.S.C. § 1132(e), venue is appropriate in the Central District of California as the place where the Plans are administered and where the contractual obligations alleged herein are to be performed.

## PARTIES

3. Plaintiffs, the Board of Directors of the Motion Picture Industry Pension Plan, Board of Directors of the Motion Picture Industry Individual Account Plan, and Board of Directors of the Motion Picture Industry Health Plan ("Plaintiffs"), are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds, which were created and are maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4. The Motion Picture Industry Pension Plan ("Pension Plan") and the Motion Picture Industry Individual Account Plan ("IA Plan") are employee pension benefit plans as defined by ERISA Section 3(2), 29 U.S.C. § 1002(2). The Motion Picture Industry Health Plan ("Health Plan") is an employee welfare benefit plan as defined by ERISA Section 3(1), 29 U.S.C. § 1002(1). The Pension Plan, IA Plan, and Health Plan (collectively, the "Plans") are multiemployer plans within the meaning of ERISA Sections 3(37)(A) and 515, 29 U.S.C. §§ 1002(37)(A) and 1145. Plaintiffs are fiduciaries with respect to the Plans within the meaning of ERISA Section 21(A), 29 U.S.C. § 1002(21)(A). The Plans were

established pursuant to Collective Bargaining Agreements between various employers and employer associations performing work in the entertainment (motion picture and television) industry, and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL-CIO ("IATSE"), an unincorporated labor organization. The Plans are administered in the Studio City, California.

5. Plaintiffs are informed and believe and there upon allege that, at all times relevant herein, SPEED KILLS PRODUCTIONS, INC., a Wyoming corporation, ("Speed Kills" or "Defendants") was and is a corporation organized and existing under the laws of the state of Wyoming with its principal place of business located in Los Angeles County, California. At all times relevant herein, Speed Kills was an employer performing work in an industry affecting commerce within the meaning of the LMRA and ERISA.

6. Plaintiffs are informed and believe and there upon allege that, at all times relevant herein, PIMIENTA CORP., a Puerto Rico corporation ("Pimienta" or "Defendants") was and is a corporation organized and existing under the laws of the territory of Puerto Rico with its principal place of residence in the City of San Juan, Puerto Rico. At all times relevant herein, Pimienta was an employer performing work in an industry affecting commerce within the meaning of the LMRA and ERISA.

7. This Complaint is prosecuted pursuant to LMRA Section 301(a), 29 U.S.C. § 185(a), and ERISA Sections 502 and 515, 29 U.S.C. § 1132 and 1145, to enforce the provisions of ERISA against an employer engaged in an industry affecting commerce.

**GENERAL ALLEGATIONS**

8. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 7 of this Complaint, as if fully set forth herein.

9. On or about May 2, 2017, Defendants and the IATSE entered into an agreement entitled Project Agreement for Low Budget Theatrical Agreement 2017-2019 and the IATSE Basic Agreement of 2015 ("Agreement") for the production of a motion picture entitled "Speed" ("the Film"). A true and correct copy of the Project Agreement is attached hereto and incorporated herein by this reference as "Exhibit 1."

10. On or about May 2, 2017, Speed Kills executed an IATSE Trust Acceptance, wherein it agreed to be bound by all terms and conditions of the Agreements and Declarations of Trust establishing the Plans ("Trust Agreements") and to contribute to the Plans on behalf of each employee covered by the Agreements. A true and correct copy of the Trust Acceptance is submitted herewith and incorporated herein by reference as "Exhibit 2."

11. The Trust Agreements obligate employers to forward a single, combined weekly remittance report, together with contributions owed to the Plans for the total hours worked by or guaranteed to all covered employees, by the last day of the payroll week. Contributions are deemed delinquent if they are not received within ten (10) working days from the date such contributions become due.

12. The Trust Agreements provide that, in the event of a delinquency in contributions, employers shall be liable to the Plans for the contributions owed as well as: (i) interest on the delinquent contributions at the rate of one percent (1%) per month, accruing from the date the payment is due until the day payment is made; (ii) liquidated damages in an amount equal to the greater of either twenty percent (20%) of the amount of the contributions due or the amount of interest due, and; (iii) all expenses of collection, including but not limited to, reasonable accountants' fees, auditors' fees, attorneys' fees, and costs incurred in connection therewith.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

13. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 12 of this Complaint, as if fully set forth herein.

14. Plaintiffs are informed and believe and thereupon allege that Defendants employed persons who performed work covered under the Agreements but failed to report and pay contributions to the Plans for these covered employees.

15. As authorized by the Trust Agreements, on April 16, 2021, Plaintiffs completed and published an audit of Defendants' records (the "Audit"), which disclosed for the first time that Defendants had failed to pay contributions in the amount of $4,022.09 for hours worked by its employees during the period of April 23, 2017 to August 25, 2018. Prior to completion of the Audit, Plaintiffs were unaware that Defendants had failed to properly report and pay contributions.

16. In accordance with the Trust Agreements, as of the Audit's publication, interest in the amount of $1,584.93 had accrued on the delinquent contributions, and liquidated damages in the amount of $1,584.93 had been assessed. Interest continues to accrue on the unpaid contributions from the date the contributions were due until the date they are paid.

17. As a result of Defendants' failure to timely report and pay contributions to the Plans, it has been necessary for Plaintiffs to employ the law firm of Wohlner Kaplon Cutler Halford Rosenfeld & Levy, and Plaintiffs have incurred attorneys' fees.

18. On November 17, 2021 Plaintiffs demanded payment for the unpaid contributions, liquidated damages, interest, and audit costs, for a total of $7,191.95. Defendants did not respond. On December 20, 2021, Plaintiffs made final demand for the amounts above. The total amount demanded remains due and

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATION OF ERISA

owing, together with the interest and liquidated damages that have continued to accrue from the date of publication of the Audit.

19. As a result of Defendants' breach of the Agreements and the Trust Agreements, Plaintiffs have been damaged in an amount equal to the total contributions owed, liquidated damages, interest, and all costs of collection including attorneys' fees, court costs, and audit costs incurred in enforcing the terms of the Agreements and the Trust Agreements.

20. Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the Agreements and the Trust Agreements.

## SECOND CLAIM FOR RELIEF

### (Violation of ERISA)

21. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 20, as though fully set forth herein.

22. By failing to accurately report and pay contributions to the Plans in accordance with the provisions of the Agreements and the Trust Agreements, Defendants violated ERISA Section 515, 29 U.S.C. § 1145. Therefore, in accordance with the terms of the Trust Agreements and pursuant to ERISA Sections 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, Plaintiffs are entitled to, and hereby demand, payment by Defendants of all unpaid contributions, plus liquidated damages, interest, reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreements and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs pray for judgment against Defendant Speed Kills Productions, Inc., a Wyoming corporation company, Defendant Pimienta Corp., a Puerto Rico corporation, as follows:

### ON ALL CLAIMS FOR RELIEF

1.    For unpaid contributions in the sum of $4,022.09 as disclosed by the Audit for the period of April 23, 2017 to August 25, 2018;

2.    For payment of interest calculated at the rate of one percent (1%) per month on all unpaid audit contributions owed from the date due until the date paid;

3.    For payment of liquidated damages in an amount presumed to be the greater of twenty percent (20%) of the amount of contributions due, or the amount of interest calculated at the rate of one percent (1%) per month until paid;

4.    For attorneys' fees and costs; and

## ON THE SECOND CLAIM FOR RELIEF

5.    For such other relief as the court deems appropriate, including other appropriate legal and/or equitable relief in accordance with ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

DATED: January 13, 2022

Kathryn J. Halford
Harrison Levy
**WOHLNER KAPLON CUTLER HALFORD ROSENFELD & LEVY**

By: */s/ Kathryn J. Halford*
    Kathryn J. Halford
    Attorney for Plaintiffs
    Board of Directors of the Motion
    Picture Industry Pension Plan, et al.